UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DONNA BRANDY, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) CIVIL NO. 2:12 cv 192 |
| | ) |
| MAXIM HEALTHCARE SERVICES, INC., | ) |
| | ) |
| Defendant | ) |

OPINION AND ORDER

This matter is before the court on the Motion to Strike Paragraphs 17 and 66 of Plaintiff's Complaint [DE 19] filed by the defendant, Maxim Healthcare Services, Inc., on July 26, 2012. For the reasons set forth below, the motion is **DENIED**.

Background

On May 15, 2012, the plaintiff, Donna Brandy, filed her complaint seeking damages for violations of the Americans with Disabilities Act, the Family and Medical Leave Act, and wrongful discharge under Indiana law. Paragraphs 17 and 66 of plaintiff's complaint allege:

> 17. After filing for unemployment, Maxim had its legal counsel offer Brandy a severance agreement. The attorney (Aubrey Kuchar) represented to Brandy that the agreement said Brandy will not sue Maxim for her work injury. The agreement Brandy received indicates that she would give up all of her rights to sue Maxim in exchange for $100. (Ex. C pp. 2-4)

* * *

>    66. Within around two weeks of Brandy requesting to be returned to work, because of her work injury, Maxim offered Brandy a severance agreement that would provide Brandy $100 in exchange for Brandy giving up all of her rights to sue Maxim. (Ex. C pp. 2-4) Around April 17, 2011, Brandy placed Maxim on notice that she would not accept Maxim's proposed agreement.

(Docket No. 1, ¶¶17 and 66)

The defendant, Maxim Healthcare Services, Inc., moves to strike these paragraphs from Brandy's complaint, arguing that the allegations are settlement-related and inadmissible under Federal Rule of Evidence 408, rendering paragraphs 17 and 66 immaterial, impertinent, scandalous, and prejudicial. Brandy opposes Maxim's motion, explaining that offers for severance pay are admissible under Rule 408.

## Discussion

Federal Rule of Civil Procedure 12(f) states that "the court may strike from a pleading any . . . redundant, immaterial, impertinent, or scandalous matter." Motions to strike generally are disfavored, although they may be granted if they remove unnecessary clutter from a case and expedite matters, rather than delay them. **Heller Financial, Inc. v. Midwhey Powder Co., Inc.**, 883 F.2d 1286, 1294 (7th Cir. 1989); **Shirley v. Jed Capital, LLC**, 2010 WL 2721855, *5 (N.D. Ill. July 8, 2010); **Doe v. Brimfield**

2

*Grade School*, 552 F.Supp.2d 816, 825 (C.D. Ill. 2008). The decision whether to strike material is within the discretion of the court. *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992). "Motions to strike under Federal Rule 12(f) are not favored [ ] and are usually denied unless the language in the pleading has no possible relation to the controversy and is clearly prejudicial." *Tektel, Inc. v. Maier*, 813 F.Supp. 1331, 1334 (N.D. Ill. 1992).

Maxim argues that paragraphs 17 and 66 are improper because the complaint contains allegations that Maxim offered consideration in compromising or attempting to compromise Brandy's claims, which are inadmissible under Rule 408(a). Brandy disputes Maxim's argument, explaining that Rule 408 governs the admission of evidence at trial, not the contents of the complaint, and that striking the statements would be premature before completion of discovery because it is possible that the pleading could form the basis for admissible evidence. Additionally, Brandy argues that reference to a severance agreement does not violate Rule 408, nor is Rule 408 applicable because there was not an actual dispute at the time of the negotiations.

Rule 408(a) states:

> Evidence of the following is not admissible — on behalf of any party — either to prove or disprove the validity or amount of a disputed

3

>   claim or to impeach by a prior inconsistent statement or a contradiction:
>
>   > (1) furnishing, promising, or offering — or accepting, promising to accept, or offering to accept — a valuable consideration in compromising or attempting to compromise the claim; and
>   >
>   > (2) conduct or a statement made during compromise negotiations about the claim — except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.

"Rule 408 is designed to foster full and free discussion in negotiations in order to encourage out-of-court settlements, eliminating much of the concern with technicalities which riddled the common law rule, and should be interpreted with that policy in mind." ***Prudential Insurance Co. of America v. Curt Bullock Builders, Inc.***, 626 F.Supp. 159, 164 (N.D. Ill. 1985) (*citing* ***Ramada Development Co. v. Rauch***, 644 F.2d 1097 (5th Cir. 1981); 2 Weinstein and Berger, *Weinstein's Evidence*, ¶408[01]). Rule 408 is limited to prohibiting disclosure at trial of statements made during settlement negotiations introduced for the purpose of proving liability. ***White v. Kenneth Warren & Son, Ltd.***, 203 F.R.D. 364, 368 (N.D. Ill. 2001). However, Rule 408 is not an absolute ban on the admissibility of statements made during settlement negotiations. Rule 408; 23 Charles A. Wright &

Kenneth W. Graham, Jr., *Federal Practice and Procedure* §5308 (1st 2010); ***Broadcort Capital Corp. v. Summa Medical Corp.***, 972 F.2d 1183, 1194 (10th Cir. 1992). The statement must concern a claim actually in dispute as to the validity or amount at the time of the negotiations, and the statement must relate to that claim. ***Prudential Insurance***, 626 F.Supp. at 164. Confidentiality does not extend to statements made before a dispute has arisen. ***Bartlett v. NIBCO, Inc.***, 2011 WL 1042324, *4 (N.D. Ind. March 18, 2011). Maxim bears the burden of making a "'substantial showing' that the evidence in question is, in fact, part of an attempt to settle a disputed claim." ***Bartlett***, 2011 WL 1042324 at *4.

Severance agreements that contain a release of claims generally are not covered by Rule 408. This is because if the agreement is made at the time the party is terminated, it is offered before the dispute arises and is not within the ambit of Rule 408. It is immaterial whether the employer anticipated the severance agreement curtailing any potential future litigation. ***Bartlett***, 2011 WL 1042324 at *4.

The court agrees that at this stage, it would be premature to strike paragraphs 17 and 66. Maxim offered Brandy $100 as part of a severance agreement to waive her rights to sue Maxim. Evidence of money offered in conjunction with a severance agreement is not covered by Rule 408. Based on the facts as pre-

sented, is likely that Maxim made the offer before Brandy's claim had arisen. However, it is too early to determine what evidence would be used and whether it would be barred by Rule 408 or admissible as a severance agreement, and therefore, it is premature to determine whether the allegations are material.

Paragraphs 17 and 66 also explain the course of events. Maxim offered a severance agreement to release it from liability for future claims. In response, Brandy declined and asked to return to work, but her request was refused by Maxim. Brandy may intend to show not that Maxim was admitting her claim had validity but that Maxim declined to accommodate her disability by offering a severance package in lieu of allowing her to work. Such an intent would take the statements outside Rule 408, if Rule 408 was applicable, and would make the allegations relevant to her claim for discrimination.

At this stage, it is too early to determine whether the evidence that will be used to support these allegations will be inadmissible, making the allegations irrelevant, or whether the evidence is unrelated to Brandy's claim. Maxim has not explained that any evidence related to the $100 severance offer was made at a time Brandy had a claim, that there was a dispute as to the validity or amount of that claim, or that the statement is being offered to prove the validity of the claim. For this reason, it

is not clear that the statements, or any evidence used to support them, will be barred by Rule 408.  Moreover, Maxim has not demonstrated that the statements are irrelevant to Brandy's claim for discrimination under the ADA.  The complaint suggests that it may be used to show that Maxim did not accommodate her request.  Maxim has failed to show that the statements are so unrelated as to be immaterial, impertinent, scandalous, or prejudicial.

_____

For these reasons, the Motion to Strike Paragraphs 17 and 66 of Plaintiff's Complaint [DE 19] filed by the defendant, Maxim Healthcare Services, Inc., on July 26, 2012, is **DENIED.**

ENTERED this 23rd day of October, 2012

s/ ANDREW P. RODOVICH<br>
United States Magistrate Judge